IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| v. | ) No. 08 CR 425 |
|  | ) |
|  | ) Judge James B. Zagel |
| VALORA MOTON | ) |
|  | ) |

**FILED**
AUG - 5 2008
JUDGE JAMES B. ZAGEL
UNITED STATES DISTRICT COURT

## PLEA DECLARATION

The defendant, VALORA MOTON, after extensive consultation with her attorney, MATTHEW J. MADDEN, acknowledges and states the following:

1. She has been charged by indictment with embezzling two first-class letters while employed by the United States Post Office in violation of Title 18, United States Code, Sections 1709.

2. She has read the charge against her contained in the indictment, and the charge has been fully explained to her by her attorney.

3. She fully understands the nature and elements of the crime with which she has been charged.

4. She will enter a voluntary plea of guilty to the indictment in this case.

1

Factual Basis

5.  Defendant will plead guilty because she is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt:

On or about January 14, 2008, at Chicago, in the Northern District of Illinois, defendant, being a United States Postal Service employee, did knowingly steal mail not addressed to her, namely, two letters addressed to individuals herein identified as Addressee A" and "Addressee B."

Specifically, defendant was employed as a casual postal employee responsible for sorting mail at the Harrison Street Post Office. On or about January 14, 2008, defendant stole from the United States mail and converted to her own use first-class letters addressed to "Addressee A" and "Addressee B." Defendant knew full well that she did not have authority to take the letters or its contents.

Potential Penalties

6. Ms. Moton understands that the charge carries a maximum incarceration sentence of 5 years, and a maximum fine of $250,000. Ms. Moton further understands that the charge carries a term of supervised release of not more than three years.

7. Ms. Moton understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, she will be assessed $100 on the count to which she has pled guilty, in addition to any other penalty imposed.

Guidelines Calculations

8. For the purposes of applying the advisory guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994, it is Ms. Moton's understanding that the following provisions may apply:

(a) The base offense level for the charge in the Indictment is 6, pursuant to Guideline §2B1.1(a);

(b) Pursuant to Guideline §3B1.3, defendant's offense level is increased two level because as a postal employee, defendant abused a position of public trust in committing this offense;

(c) Ms. Moton admits her guilt, is extremely remorseful for her crime, and accepts full responsibility for her actions. She understands that a 2 level reduction for acceptance of responsibility under §3E1.1 may apply, if this Court finds that she has in fact accepted responsibility for her actions.

(d) Ms. Moton reserves the right to request a downward departure or variance on any grounds she deems appropriate. She understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

Preliminary Nature of Calculations

9. Ms. Moton and her attorney acknowledge that the above calculations are preliminary in nature and based on facts known to defendant at the time of this Plea Declaration. Ms. Moton understands that the probation office and the government will

conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

10. Errors in calculations or interpretation of any of the guidelines may be corrected or amended by the defendant prior to sentencing. She may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application.

Trial Rights and Appellate Rights

11. Ms. Moton understands that by pleading guilty she surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would

have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. She would be under no obligation to do so, however, because she is presumed to be innocent and, therefore, need not prove her innocence. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify in his own behalf.

12. Ms. Moton understands that by pleading guilty she is waiving all the rights set forth in the prior paragraph. By pleading guilty Ms. Moton admits she is guilty and agrees that she should be found guilty. Ms. Moton's attorney has explained those rights

to her, and the consequences of his waiver of those rights. Ms. Moton further understands that she is waiving all appellate issues that might have been available if she had exercised her right to trial, and only may appeal the validity of this plea of guilty or the sentence.

Limitations and Consequences of this Plea Declaration

13. Ms. Moton understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of her conduct regarding the charges against her, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Ms. Moton further understands that she will be able to present evidence in mitigation for sentencing.

14. Ms. Moton understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are appropriate.

15. Ms. Moton understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Ms. Moton understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under §

3553(a).

16. Should the judge refuse to accept Ms. Moton's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept Ms. Moton's plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Evidence 410.

17. Ms. Moton agrees that this Plea Declaration shall be filed and become part of the record of the case.

18. Ms. Moton and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce her to plead guilty. Ms. Moton further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with her attorney.

Signed this 5TH day of August, 2008

_____
Valora Moton
Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By: _____
Matthew J. Madden
Attorney for Defendant

MATTHEW J. MADDEN

7

FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8351

8